UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CHEYENNE MORROW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    No. 1:21 CV 237 |
| | ) |
| **MARION, INDIANA CITY OF,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

This matter is before the court on defendants' motions to dismiss. (DE ## 18, 20.) For the reasons that follow, the motions to dismiss will be granted.

### I.  BACKGROUND

In a case of mistaken identity, plaintiff Cheyenne Morrow was arrested on Saturday, July 13, 2019, following a routine traffic stop by Marion County police officer defendant Blake Coburn, on a warrant issued by the Jefferson County Superior Court. (DE # 1 at 5.) The warrant mistakenly listed plaintiff's name, birthdate, and home address; however, the person for whom the arrest warrant was issued was a different Cheyenne Morrow. (*Id.* at 3.)

Plaintiff told Officer Coburn that there was a mistake in identity and requested that Officer Coburn search her information again. (*Id.* at 5.) Officer Coburn told plaintiff that her information would be searched again once they arrived at the jail. (*Id.*) Upon arriving at the jail, defendants Deputy Flanigan and Brand, Grant County Sheriff Deputies, classified and assessed plaintiff. (*Id.*) Deputy Flanigan searched plaintiff's

identifiers and outstanding warrants. (*Id.*) Deputy Brand ran the Inmate Classification Notice. (*Id.* at 6.) Plaintiff was booked into the Grant County Jail and remained in custody for two days until the error was corrected when the courts re-opened on Monday, July 15, 2019. (*Id.* at 6-7.)

This suit followed. In Counts I, II, and III, plaintiff alleges that defendants the City of Marion, Indiana, the Grant County Sheriff's Office, and Investigator Gary MacDonald, are liable for intentional infliction of emotional distress, false imprisonment, and false arrest, under Indiana law. (*Id.* at 7-9.) In Count IV, plaintiff alleges that defendants Coburn, Flanigan, Brand, and MacDonald, are liable for unlawful seizure in violation of the Fourth Amendment. (*Id.* at 10.)

All defendants, with the exception of defendant MacDonald, have filed motions to dismiss. (DE ## 18, 20.) In plaintiff's responses to the motions, plaintiff voluntarily relinquishes: her Fourth Amendment claims against Coburn, Flanigan, and Brand. (DE ## 30 at 4, 32 at 4.) She also voluntarily relinquishes her intentional infliction of emotional distress claim against the City of Marion and the Grant County Sheriff's Office. (*Id.*) Finally, plaintiff voluntarily relinquishes her state law claims for false arrest against the Grant County Sheriff's Office. (DE # 30 at 4.) Accordingly, plaintiff's remaining claims are as follows: intentional infliction of emotional distress, false arrest, false imprisonment, and Fourth Amendment unlawful seizure against MacDonald; false arrest and false imprisonment against the City of Marion; and false imprisonment against the Grant County Sheriff's Office. In her response briefs, plaintiff clarifies that

2

her false arrest and false imprisonment claims are brought under Indiana law. (DE ## 30, 32.) As there are no remaining claims against defendants Coburn, Flanigan, and Brand, those defendants' motions to dismiss will be summarily granted.

## II. LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to

3

relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.   DISCUSSION

Plaintiff alleges state law claims for false arrest and false imprisonment against the City of Marion, and a false imprisonment claim against the Grant County Sheriff's Office. "A defendant may be liable for false arrest when he or she arrests the plaintiff in the absence of probable cause to do so." *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002). A claim for false arrest "requires absence of probable cause." *Row v. Holt*, 864 N.E.2d 1011, 1016 (Ind. 2007). "Probable cause for arrest is demonstrated by facts and circumstances known to the arresting officer which would warrant a person of reasonable caution and prudence in believing that the accused had committed or was committing a criminal offense." *Donovan v. Hoosier Park, LLC*, 84 N.E.3d 1198, 1207 (Ind. Ct. App. 2017) (internal citation omitted).

"False imprisonment is the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent." *Miller*, 777 N.E.2d at 1104. "Where

4

a claim for false imprisonment stems from an alleged false arrest, we need not make a separate analysis for the former." *Donovan*, 84 N.E.3d at 1207 (cleaned up).

Under Indiana law, "[a] law enforcement officer may arrest a person when the officer has . . . a warrant commanding that the person be arrested[.]" Ind. Code § 35-33-1-1. The requirements for an arrest warrant are set forth in Indiana Code § 35-33-2-2.

Where an officer has a facially valid arrest warrant, such warrant is grounds for a good faith, reasonable belief that there was probable cause to make an arrest. *Conwell v. Beatty*, 667 N.E.2d 768, 775 (Ind. Ct. App. 1996). A "warrant not void on its face issued by a tribunal having general jurisdiction of the subject matter is a protection to the officer executing it, and the officer is not required to look beyond the process or warrant or determine the validity or regularity of the proceedings on which it is founded, or to exercise his judgment touching its validity[.]" *Stine v. Shuttle*, 186 N.E.2d 168, 172 (1962). "Even though a process may have been issued irregularly by a party who might be liable, it is nevertheless a protection to the officer executing it." *Id.*; *see also Leshore v. State*, 755 N.E.2d 164, 166 (Ind. 2001) (relying on *Stine*).

Here, there is no allegation that the warrant was not facially valid. Furthermore, consideration of the warrant itself demonstrates that it was indeed facially valid. (DE # 25-3 at 10.)[1] *See* Ind. Code § 35-33-2-2; *Leshore*, 755 N.E.2d at 166; U.S. Const. amend. IV.

---

[1] The court may take judicial notice of state court records in deciding a motion to dismiss without converting the motion to one for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

5

In this case, taking all of plaintiff's allegations (and all reasonable inferences therefrom) as true, the search warrant provided defendants with a reasonable belief that there was probable cause to arrest plaintiff and keep her in custody. All of the identifiers on the warrant identified plaintiff, not the other Cheyenne Morrow. While plaintiff argues that defendants failed to consult public information that would have demonstrated that the issuing court sought a different person, an officer who executes a facially valid warrant has no choice but to execute the warrant as ordered by the court.[2] *Leshore*, 755 N.E.2d at 166-67; *Stine*, 186 N.E.2d at 172; *Freeman v. Indiana*, No. 1:17-CV-317-TLS, 2018 WL 2268139, at *3 (N.D. Ind. May 17, 2018). This is not the type of mistaken-identity case in which a plaintiff's name was merely similar to the name on the warrant, and thus there is a question of fact regarding whether the officers should have known that they were arresting the wrong person. Here, the warrant identified plaintiff. It identified her name, birthdate, and home address. The officers were neither required, nor permitted, to investigate the underlying validity of the facially valid warrant.

Plaintiff's claims against the City of Marion and the Grant County Sheriff's Office rely on a respondeat superior theory of vicarious liability. Therefore, because Officer

---

[2] For this reason, Indiana courts have determined that officers are entitled to judicial immunity or quasi-judicial immunity in cases where the officer was merely carrying out a facially valid warrant, including in cases of mistaken identity. *See e.g. Long v. Barrett*, 818 N.E.2d 18, 25 (Ind. Ct. App. 2004) (officers who executed facially valid warrant on wrong woman sharing same name as person sought were entitled to immunity against false arrest and false imprisonment claims).

Coburn and Deputies Flanigan and Brand could not be held liable for false arrest or false imprisonment, neither can their employers. *See e.g. Branham v. Celadon Trucking Serv., Inc.*, 744 N.E. 2d 514, 525, n.2 (Ind. Ct. App. 2001); *Perry v. City of Fort Wayne*, No. 1:15 CV 397, 2017 WL 3131012, at *9 (N.D. Ind. July 21, 2017). Accordingly, the court will grant defendants' motion to dismiss.

IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motions to dismiss. (DE ## 18, 20.) This case will proceed against the sole remaining defendant in this case, Gary MacDonald.

**SO ORDERED.**

Date: December 9, 2021

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT